**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3003-23

ASHWINNI D. SEOPERSAD,

    Plaintiff-Appellant,

v.

FULGER'S[1] GOLDEN BEER &
LIQUORS, a/k/a FULGER'S
HARRISON, CIFELLI & SONS
GENERAL CONTRACTING
INC., and PRAJ 98, LLC,

    Defendants-Respondents,

and

TOWN OF HARRISON,

    Defendant.

_____

        Argued November 6, 2025 – Decided February 3, 2026

        Before Judges Mayer, Gummer, and Jacobs.

        On appeal from the Superior Court of New Jersey, Law
        Division, Hudson County, Docket No. L-0442-21.

---

[1]  Improperly pled as Fulgers.

Douglas S. Schwartz argued the cause for appellant (Sisselman & Schwartz, LLP, attorneys; Douglas S. Schwartz, on the briefs).

Mario A. Batelli argued the cause for respondents Fulger's Golden Beer & Liquors and Praj 98, LLC (Foster & Mazzie, LLC, attorneys; Mario A. Batelli, on the brief).

Virginia E. Hughes argued the cause for respondent Cifelli & Sons General Contracting Inc. (Vilacha & Demille, attorneys; Virginia E. Hughes, on the brief).

PER CURIAM

Plaintiff Ashwinni D. Seopersad appeals from three orders: (1) a March 27, 2024 order granting a directed verdict in favor of defendants Fulger's Golden Beer & Liquor (Fulger's) and Praj 98, LLC (Praj) at the close of plaintiff's case at trial; (2) an April 12, 2024 order entering judgment on the jury's verdict in favor of defendant Cifelli & Sons General Contracting, Inc. (Cifelli); and (3) a May 13, 2024 order denying plaintiff's motion for a new trial. We affirm.

I.

On October 25, 2019, plaintiff fell while exiting a liquor store operated by Fulger's and owned by Praj. The fall occurred on a newly constructed step at the store's entrance. Cifelli had poured concrete for the step in connection with a municipal sidewalk improvement project pursuant to the Americans with

Disabilities Act, 42 U.S.C. §§ 12101-12213, managed by the Town of Harrison ("Harrison" or "the Town").

Plaintiff alleged the step constituted a dangerous condition because it was uniform in color, unmarked, and lacked warning indicators, such as painted edges, signage, or cones, to alert pedestrians to an unfamiliar change in elevation.

In February 2021, plaintiff filed suit alleging negligence against Fulger's, Praj, Cifelli, and Harrison. Harrison settled with plaintiff before trial.

Trial with the remaining defendants began on March 13, 2024. Testimony established the entryway to Fulger's store was previously an eight-inch step down to the sidewalk. Cifelli was awarded a contract from Harrison and provided with the blueprints of the intended improvements from the municipal engineer, Rocco Russomano. As construction progressed, a grading issue developed and Russomano verbally instructed Cifelli to construct a modified step with a maximum rise of seven inches instead of eight. Cifelli completed construction of the step as revised, which was inspected and approved by Russomano. Testimony further established that neither Fulger's nor Praj requested or paid for the construction of the step and had no decision-making authority regarding it. On completion, all indications delineating the work area,

such as cones, caution tape, and other barricades, were removed the evening before plaintiff's fall.

Plaintiff's liability expert, Wayne Nolte, P.E., Ph.D., opined the existence of the unmarked step constituted a hazardous condition. He maintained that Harrison, through Russomano, "either knew or should have known that [the] step without [a] barricade, or without a bright colored warning on its edge, created a hazardous condition." Notwithstanding this position, Dr. Nolte acknowledged the step had no structural defects, did not violate the Uniform Construction Code, and that the applicable code did not require it to be painted, edged, or marked with warnings. Dr. Nolte further acknowledged that once Cifelli completed its work and removed the safety barriers, it no longer owed a duty to warn the public.

As for the defense, Cifelli called Michael Cronin and Fulger's and Praj called Walter Wysowaty, both of whom are liability experts. Both experts opined there was no legal or code-based requirement under either state or municipal law that mandated painting, handrails, or additional visual safety markers on the step. Cronin elaborated that Harrison had acted as both the design professional and responsible party, while Cifelli functioned as the contractor and performed work strictly under the Town's direction. In such a

4

circumstance, contractors such as Cifelli are not tasked with independently assessing the safety or design of construction plans provided by a licensed engineer. In all, Cronin's testimony reinforced the defense position that at stake was not a construction defect, but rather a design issue that did not implicate negligence and consequent liability.

On March 21, at the conclusion of plaintiff's case-in-chief, Fulger's and Praj moved for a directed verdict of dismissal. They argued that because plaintiff's expert testified the step complied with construction codes and had been approved by the Town engineer, neither Fulger's nor Praj could be found liable as a matter of law. Plaintiff opposed the motion, arguing it was premature under <u>Rule</u> 4:40-1 because the third defendant, Cifelli, had not yet presented its case. She contended the <u>Rule</u> permits a directed verdict only after all defendants have rested. However, the judge ruled the motion timely and granted it.[2]

Trial resumed as to the remaining defendant, Cifelli. After deliberation, the jury returned a verdict on March 27 finding Cifelli not negligent by an 8-0 vote and finding Harrison negligent by a 6-2 vote. The jury also found Harrison's negligence was not a proximate cause of the accident by a 7-1 vote.

---

[2]  Although decided on March 21, 2024, the order was dated and entered on March 27, 2024.

No damages were awarded.

Plaintiff moved to set aside the verdict and for a new trial, contending the jury's findings were internally inconsistent. Finding no inconsistency, the trial judge entered judgment on the jury's verdict on April 12 and on May 13 denied plaintiff's motion for a new trial. This appeal followed.

II.

The three orders entered during trial are all subject to de novo appellate review. Smith v. Millville Rescue Squad, 225 N.J. 373, 397 (2016). "[I]f, accepting as true all the evidence which supports the position of the party defending against the motion and according him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, reasonable minds could differ, the motion must be denied." Verdicchio v. Ricca, 179 N.J. 1, 30 (2004) (alteration in original) (quoting Est. of Roach v. TRW, Inc., 164 N.J. 598, 612 (2000)).

Further, "[t]he standard of review on appeal from decisions on motions for a new trial is the same as that governing the trial judge—whether there was a miscarriage of justice under the law." Hayes v. Delamotte, 231 N.J. 373, 386 (2018) (first quoting Risko v. Thompson Muller Auto. Grp., Inc., 206 N.J. 506, 522 (2011); then citing R. 2:10-1). "[A] 'miscarriage of justice' can arise when

there is a 'manifest lack of inherently credible evidence to support the finding,' when there has been an 'obvious overlooking or under-valuation of crucial evidence,' or when the case culminates in 'a clearly unjust result.'" Ibid. (quoting Risko, 206 N.J. at 521-22).

Plaintiff argues the directed verdict in favor of Fulger's and Praj was both procedurally improper under Rule 4:40-1 and unsupported by the record. She claims the evidence presented, including expert testimony and photographs, was sufficient for a reasonable jury to conclude Fulger's and Praj had knowledge of the hazardous condition and failed to warn. Moreover, she argues the trial court erred in denying her motion for a new trial, given the jury's findings that Harrison was negligent but its negligence was not a proximate cause of her injury, while Cifelli was found not negligent. She maintains those findings were an inherently logically inconsistent outcome, reflecting either jury confusion or legal error mandating a new trial.

Directed Verdicts in Favor of Fulger's and Praj

Rule 4:40-1 allows a party to make a motion for judgment "either at the close of all the evidence or at the close of the evidence offered by an opponent."

Plaintiff challenges the trial court's ruling, contending the motion was made before codefendant Cifelli had rested and before the close of all evidence,

rendering it premature. The judge found the motion "was made at the right time" because it was made "after the codefendant's [Cifelli's] evidence was presented and they closed their case as far as I remember it on the record."

Plaintiff alleges the judge's recollection was errant. She submits "Fulger[']s and Praj moved for judgment at the close of their own case-in-chief and not after Cifelli rested." In fact, the judge ruled on the directed verdict motion before Cifelli rested. Plaintiff contends the timing of the judge's decision violated her right to rely on "any evidence that would have been presented by Cifelli."

Fulger's and Praj jointly argue their motion was not untimely because it was filed at the close of plaintiff's case and after presentation of their case-in-chief. They contend no evidence relevant to their alleged negligence remained to be introduced, as codefendant Cifelli did not offer testimony implicating them.

To that end, defendants highlight that neither Cronin nor Dr. Nolte offered opinions adverse to Fulger's and Praj. Therefore, defendants argue the judge's ruling was substantively correct. Because no prejudice resulted from the sequence of motion filing, they argue reversal is unwarranted.

8

We are persuaded by defendants' arguments. Our review of the record supports the conclusion that Cifelli's expert, Cronin, offered no opinion on the negligence of Fulger's or Praj. No other Cifelli witness attributed liability to them. Moreover, plaintiff's own expert, Dr. Nolte, offered no opinion regarding any negligence by Fulger's or Praj. Accordingly, there is no basis to conclude that any evidence presented after the motion could have altered the trial court's ruling, even if the motion was facially premature. In this context, we are mindful that courts will not reverse based on technical errors absent a showing of actual prejudice. See R. 2:10-2 ("Any error or omission shall be disregarded by the appellate court unless it is of such a nature as to have been clearly capable of producing an unjust result . . . ."). Because we discern no unjust result, we conclude the trial court's exercise of discretion in hearing and granting the motion did not constitute reversible error.

Purported Inconsistency in the Jury's Verdict

A jury's verdict should not be set aside unless it so plainly misses or misconstrues the legal elements at issue that a miscarriage of justice results. Baxter v. Fairmont Food Co., 74 N.J. 588, 598-99 (1977); Dolson v. Anastasia, 55 N.J. 2, 6-7 (1969); Law v. Newark Bd. of Educ., 175 N.J. Super. 26, 37 (App. Div. 1980).

Plaintiff argues the verdict should be set aside because it is inconsistent and reflects confusion in that the jury found Harrison negligent but determined its negligence was not a proximate cause of plaintiff's injuries. Plaintiff contends that, in the absence of an intervening cause, a finding of negligence necessarily implies proximate cause. Because no intervening cause was presented at trial, she maintains a verdict finding negligence but not proximate cause is irreconcilable and requires reversal.

Plaintiff further asserts the trial court improperly speculated the jury found plaintiff wholly at fault, noting the verdict sheet contains no allocation of comparative fault to plaintiff. Because no percentage of fault was assigned to her, plaintiff argues that attributing the accident entirely to her conduct is conjectural and insufficient to cure the alleged inconsistency.

Cifelli responds that the verdict is neither legally inconsistent nor indicative of confusion. The jury found Cifelli not negligent and Harrison settled before trial. Therefore, any alleged inconsistency concerning Harrison is immaterial to Cifelli.

Cifelli further argues negligence and proximate cause are distinct elements of a tort claim, and a finding of the former does not per se establish the latter. Here, the jury awarded no damages, assigned no fault to plaintiff, and

10 A-3003-23

exonerated the only remaining defendant. Viewed as a whole, Cifelli maintains, the verdict supports the conclusion that the jury may have found Harrison's conduct imperfect, but not a substantial factor in causing plaintiff's fall.

Here, the record contains evidence that plaintiff failed to observe the step, the work complied with the Town engineer's instructions, and no expert testimony attributed fault to Cifelli or directly implicated Harrison in supervisory failures. The trial judge found as much:

> I am not reading this verdict to be inconsistent for this reason. I don't think it is unreasonable or conjecture to think that they said Harrison might have done something wrong, but it was all the plaintiff's fault . . . . Plus[,] the other testimony at least created a genuine issue of material fact, enough for a jury to rationally find that no matter, if it was painted yellow, if it was painted purple, if anything, she was looking to the left up the street, not down at the sidewalk, because she said that. And then stumbled going down the step, a split second later after she left that door. Just look at the video. That is enough factual evidence to support a finding for the jury to say we don't have to get to proximate cause for her. We don't have to get to comparative negligence. And I think . . . it's not inconsistent or [ir]rational or speculation to believe that that would explain how they found Harrison negligent and no proximate cause. That also obviates the need for me to determine whether Cifelli was also negligent because of what Harrison did. Because if the jury found that Harrison was negligent for the same reasons that the plaintiff wants to blame Cifelli to be negligent, that even if they had found Cifelli negligent and Harrison negligent, under my reading of the jury verdict form

11

they still would have found no proximate cause as to both defendants because they would have blamed it all on the plaintiff.

In light of the absence of a damages award and the jury's verdict in favor of Cifelli, it was reasonable for the judge to conclude the jury believed plaintiff's fall resulted from her own inattention rather than a dangerous condition.

<u>Motion for New Trial</u>

Plaintiff contends the verdict is inconsistent because any negligence attributed to Harrison could arise only from its vicarious liability for Cifelli's work. Harrison performed no construction itself and acted solely through its contractor, Cifelli. According to plaintiff, any negligence finding against Harrison must derive from Cifelli's conduct, either through vicarious liability under N.J.S.A. 59:2-2 or under N.J.S.A. 59:4-2, based on Cifelli's alleged creation of a dangerous condition.

Plaintiff rejects Cifelli's contention that it merely followed Harrison's plans, citing trial testimony that the step was not included in the original blueprint but resulted from a verbal field change. Plaintiff further argues Cifelli improperly invoked plan-or-design immunity, which was neither pleaded nor supported by evidence of preapproved plans. In plaintiff's view, any design defect was attributable to Cifelli's execution of the work, rendering Harrison's

12

liability inseparable from Cifelli's. Because the jury found Harrison negligent, plaintiff asserts it must have found a dangerous condition existed, and considering Cifelli constructed the step, the verdict absolving Cifelli, while imposing liability on Harrison, is reversible error.

We disagree. The determinative question here is whether a verdict finding a municipality negligent while exonerating its contractor is necessarily inconsistent. Such a verdict may be inconsistent when the municipality's liability is based solely on the contractor's conduct. See Bechefsky v. Newark, 59 N.J. Super. 487, 493 (App. Div. 1960). However, a municipality may also be directly liable for its own independent negligence, including negligent planning, design, or supervision. See Posey v. Bordentown Sewerage Auth., 171 N.J. 172, 190 (2002); Weiss v. N.J. Transit, 128 N.J. 376, 382 (1992). Where a municipality fails to act reasonably in design or oversight, a jury may assign liability to the municipality alone, even if the contractor faithfully followed instructions.

The trial record shows the step was designed and approved by Harrison's engineer and that Cifelli exercised no independent discretion in carrying out the work. Consistent with N.J.A.C. 5:23-2.21, the engineer is responsible for code-compliant design, the owner for selecting a contractor, and the contractor for

executing the approved plans. If the design omitted necessary safety features, the jury could reasonably find Harrison breached its duty of care without also finding Cifelli negligent. Thus, the evidence supports the jury's conclusion, as surmised by the trial judge, that Harrison was negligent in its independent design role while Cifelli was not negligent in executing that design.

## III.

In sum, the court's order granting defendants' motion for a directed verdict was not reversible error. The court did not err in entering judgment for defendants as the record supports the jury's verdict and was not internally inconsistent. The court also properly denied plaintiff's motion for a new trial because the verdict reflected a rational evaluation of the evidence and does not demonstrate mistake, confusion, or injustice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division